The opinion of the Court was delivered by
Johnson, J.
There are cases, in which excessive damages alone have been made the basis of a new trial; but they are rare, and I trust that this Court will never add to the number, except in cases of the most imperious necessity. They are always a subject for the exercise of the sound discretion of a jury ; and this Court will never interfere unless they so far exceed all proportion to the injury as necessarily to strike every person at once with the conviction, that the jury have been led away, either by public prejudice or private feeling; and notwithstanding I am disposed to think, under all the circumstances, all the purposes 'of justice would have been attained by a verdict for a less amount than that found by the jury, I am not prepared to say that the verdict is of that character. An honest fame *is of vast importance to every member of the commu- „ nity, and more so to the merchant than almost any other. The L basis of his business is his credit and the confidence reposed in him. And, in considering the wealth[1] of defendant, the verdict does not strike me as bearing so great a disproportion to the injury, as to establish the conviction, that it was given under an improper influence.
2. If words are spoken of a merchant,[2] charging him with dishonesty or unfairness in dealing, no one will doubt they are actionable ; 2 Esp. Dig. Q-ould’s Ed. 86 ; and if the words, spoken by the defendant, in this case, had relation to the plaintiff’s conduct, as a merchant, the harsh term rogue, would necessarily imply fraudulent practices.
Now, if we separate the evidence of the plaintiff from that adduced by the defendant, in relation to facts of which the bystanders could have no knowledge, and to which the defendant did not allude, so as to direct their attention to them, the case would be settled; for it seems to me impossible to infer any thing else from them, than that the plaintiff had, by unfair practices, as a merchant, added to his stock at the expense of the defendant. The rule that words .are to be construed in mitiori, sensu, has long been exploded, and it is now well settled that they are to be taken in that sense in which they would be understood by those who hear them.[3] 2 Esp. Dig. 98. That it is the province of a jury to decide on the construction of words, which may apply to different subjects, I need only cite the opinion of this Court in this very case, when before it on a motion to set aside a nonsuit. Indeed, the position is, I think, self-evident, that whenever there is evidence on both sides, the jury must weight it, and strike the balance. If, then, the defendant, at the time of speaking the words charged, disclosed the facts to which he now pretends they alluded, I agree they would have explained away the *420 slanderous character of the words ; and the introduction of them on the *84.1 tr*a* oi? case oug^ to, an<^ probably* did, have their influence, in mitigation of the damages ; but surely a defendant ought not to be permitted to publish to the world a gross slander, in relation to one subject, which is predicated on facts connected with another, which, if disclosed, would wholly explain away the slander. And'I do think, that the keeping of them back furnishes a strong circumstance to show the malevolent motives with which they were uttered.
Stark, Solicitor, for the motion. Gregg, contra.
The motion, I think, ought to be dismissed.
Nott, Gantt and Bjoi-iaRDSon, JJ., concurred.
Colcock, J., dissented.
See 1 vol. 290, and notes.

 6 Ricli. 436 ; 2 Rich. 357.

 1 N. & McC. 290.

 Post. 511; 1 N. & McC. 216.